23645

BERKELEY ELECTRIC COOPERATIVE, INC., Respondent v. TOWN OF MOUNT PLEASANT and South Carolina Electric & Gas Company, Appellants.

(417 S.E. (2d) 579)

Supreme Court

See also 302 S.C. 186, 394 S.E. (2d) 712.

*James M. Brailsford, III*, of *Robinson, McFadden & Moore, P.C.*, Columbia, *for appellant Town of Mount Pleasant.*

*Belton T. Zeigler,* of *Lewis, Babcock, Pleicones & Hawkins,* Columbia, *for appellant South Carolina Elec. & Gas Co.*

*Thomas S. Tisdale, Jr.* and *Stephen P. Groves,* both of *Young, Clement, Rivers & Tisdale,* Charleston, and *John B. Williams,* of *Williams & Landis,* Moncks Corner, *for respondent Berkeley Elec. Co-op., Inc.*

Heard March 10, 1992.

Decided April 27, 1992.

HARWELL, Chief Justice:

Appellants Town of Mount Pleasant (Mount Pleasant) and South Carolina Electric & Gas Company (SCE&G) assert that the trial judge erred in upholding an agreement entered into by Mount Pleasant and respondent Berkeley Electric Cooperative, Inc. (Berkeley) in 1982. We agree and reverse.

## I. FACTS

Berkeley distributes electrical power to customers in Charleston, Berkeley, and Dorchester counties. On October 7, 1982, Berkeley and Mount Pleasant entered into an agreement in which they agreed, among other things, that Berkeley would be "permitted to continue and extend the furnishing of electrical service to different classes of customers within the corporate limits of the City, and within areas which may hereafter be annexed to the City."

The parties performed under the contract until June 1988, when this controversy arose. It appears that Mount Pleasant had instructed its new town attorney to research the minutes of town council proceedings leading up to the execution of the 1982 agreement. In doing so, the new town attorney determined that the 1982 agreement was invalid because it had not received the two readings required to create an ordinance.[1]

---

[1] Although the parties titled their agreement a "Franchise Agreement," in South Carolina a municipality can grant, renew, or extend a franchise only by ordinance. S.C. Code Ann. § 5-7-260(4) (1976). To create an ordinance, a municipality must ensure that

> [e]very proposed ordinance shall be introduced in writing and in the form required for final adoption. Each municipality shall by ordinance establish its own rules and procedures as to adoption of ordinances. No ordinances shall have the force of law until it shall have been read two times on two separate days with at least six days between each reading.

S.C. Code Ann. § 5-7-270 (1976).

Thereafter, Mount Pleasant adopted an ordinance granting Berkeley a franchise. The 1988 franchise agreement substantially restricted Berkeley's service rights in newly annexed areas of Mount Pleasant. Berkeley rejected the 1988 franchise agreement and brought a declaratory judgment action seeking a declaration that the 1982 agreement was a valid franchise. The trial judge allowed Berkeley to proffer parol evidence from Berkeley's representative and a town council member, both of whom had been present at the 1982 town council meetings when the agreement had been discussed. These witnesses testified that the minutes were incorrect, and that the 1982 agreement had received the readings required to adopt an ordinance. No ordinance was introduced into evidence.

The trial judge ruled that the 1982 town council minutes were incomplete, and consequently admitted the parol evidence proffered by Berkeley. He held that in 1982 Mount Pleasant had granted a franchise by ordinance. He also held that, even if Mount Pleasant did not grant a franchise by ordinance in 1982, Mount Pleasant was equitably estopped to deny the validity of the 1982 agreement.

## II. DISCUSSION

### A. *Parol Evidence*

A franchise is invalid and unenforceable unless it is made in conformity with mandatory provisions of a statute. 10 E. McQuillan, *The Law of Municipal Corporations* § 29.02 (3d ed. 1990). Thus, the basic dispute is whether Mount Pleasant complied with the applicable mandatory statutory provisions, sections 5-7-260(4) and 5-7-270, when it executed the 1982 agreement with Berkeley.

Since neither party has produced an ordinance demonstrating that the 1982 agreement was granted in accordance with section 5-7-260(4), we must review the minutes of town council to determine whether Mount Pleasant observed the formalities which a municipality must follow in order to adopt an ordinance. Mount Pleasant contends that because the minutes contain no reference to a formal reading of the 1982 agreement, town council failed to comply with section 5-7-270. Berkeley asserts that the minutes are deficient, and that it

can supplement the minutes with parol evidence to show that town council did formally read the 1982 agreement as required by section 5-7-270.

A town council has the express duty to keep minutes of its proceedings which shall be a public record. S.C. Code Ann. § 5-7-250(b) (1976). Municipal records properly authenticated or verified are the only competent evidence of the proceedings of the transactions of the governing body. 5 E. McQuillan, *The Law of Municipal Corporations*, § 14.05 (3d ed. 1989). Parol evidence cannot be admitted to explain, enlarge, or contradict minutes of the proceeding of a town council unless the minutes are incomplete or ambiguous. *Id.* § 14.07. Otherwise, parol evidence could render official minutes uncertain and unreliable so that the minutes would fail to afford dependable evidence of the proceedings of the municipal body. *Id.*

■ Appellants assert that the trial judge erred in admitting parol evidence to contradict the minutes of town council because the 1982 town council minutes are complete and unambiguous on their face. We agree.

The minutes show that on May 10, 1982, a representative of Berkeley requested a "franchise agreement which would allow the Berkeley Cooperative to continue to provide service for those customers already being served in the rural areas outside of the Town limits in the event that these areas are annexed into the Town." After discussion, the mayor of Mount Pleasant "recommended deferring to study this request, stating that he felt it was somewhat premature at this time." Another town council member recommended that the town attorney study the legal aspects of the requested agreement and provide "a record at the June Council meeting. [The town council member] made this recommendation in the form of a motion and [another town council member] seconded. All were in favor."

The next discussion of the 1982 agreement occurred on August 9, 1982. At that time, the mayor:

read a letter from [a representative of Berkeley] which requested that Council act on the franchise agreement between [Berkeley] and the Town of Mount Pleasant. . . . *[A town council member] motioned that council grant the franchise agreement to [Berkeley] and [another town*

*council member] seconded. . . .* The Chair called for the question. All were in favor. (Emphasis added.)

On their face, the minutes demonstrate that town council agreed to table consideration of the 1982 agreement pending further study in May, and that it granted the 1982 agreement by resolution in August.[2] Thus, a plain reading of the minutes indicates that no formal reading of the 1982 agreement took place before the agreement was executed by Mount Pleasant and Berkeley. Berkeley urges, however, that through parol evidence it can show that the May 10 and August 9 meetings in reality constituted first and second readings of the 1982 agreement.

A court initially must review the minutes to determine whether the minutes themselves suggest that information has been omitted or incorrectly reported. Once it appears that the minutes are incomplete or ambiguous, parol evidence is admissible to clarify them. Here, we have reviewed the minutes carefully, and can discover nothing suggesting that the minutes omit or misreport information. Indeed, the minutes themselves contradict Berkeley's assertion that Mount Pleasant followed the formalities required to adopt an ordinance.[3] Accordingly, we find that the minutes are complete and unambiguous, and that the trial judge erred in admitting parol evidence to contradict the May 10 and August 9, 1982 town council minutes.

## B. *Equitable Estoppel*

Appellants next assert that the trial judge erred in holding that Mount Pleasant was equitably estopped to deny the validity of the 1982 agreement. We agree.

Mount Pleasant entered into the 1982 agreement with Berkeley in contravention of section 5-7-260(4), which mandates that a franchise must be granted by ordi-

---

[2] The minutes do identify many instances where town council conducted formal readings of proposed ordinances. Thus, we conclude that the person who prepared the minutes was cognizant of the manner in which ordinances must be adopted.

[3] Even the agendas utilized by town council to conduct its meetings listed the discussion on May 10 under the heading "New Business," and the discussion on August 9 under the heading "Correspondence and Addressing Council." These same agendas specifically referred to formal readings of proposed ordinances.

nance. Therefore, the 1982 agreement is illegal.[4] Estoppel may not be based upon an illegal act. *Cf. Byars v. Cherokee County,* 237 S.C. 548, 118 S.E. (2d) 324 (1961). The trial judge concluded, however, that Mount Pleasant's "failure to properly enact an ordinance, if such a failure took place," could not be held against Berkeley as the innocent party.

The essential elements of equitable estoppel are (1) lack, on the part of the one claiming estoppel, of the knowledge and means of knowledge of the truth as to the facts and circumstances upon which his claim of estoppel is predicated; (2) conduct, representations, or silence of the party estopped, amounting to misrepresentation or concealment of facts; (3) reliance upon such conduct, representations, or silence; and (4) resulting action, to its detriment, by the party claiming the estoppel. *Lewis v. City of North Myrtle Beach,* 297 S.C. 170, 375 S.E. (2d) 327 (Ct. App. 1988).

Berkeley is not excused by its unawareness that Mount Pleasant's act was in contravention of statute.

Berkeley is charged with knowledge that Mount Pleasant's power to grant franchises was limited by sections 5-7-260(4) and 5-7-270. *See City of North Charleston v. North Charleston District,* 289 S.C. 438, 346 S.E. (2d) 712 (1986). Thus, Berkeley's reliance on the validity of the 1982 agreement was not reasonably justified. *See Horry County v. City of Myrtle Beach,* 288 S.C. 412, 343 S.E. (2d) 36 (Ct. App. 1986). We hold that the trial judge erred in finding that Mount Pleasant was equitably estopped to deny the validity of the 1982 agreement.

Restrictions on municipal power are created to protect citizens. Although it may seem harsh to deny Berkeley a remedy for impairment of its franchise, it is better that Berkeley suffer from the mistakes of Mount Pleasant than for this Court to adopt a rule which, through improper combination or collusion, could be detrimental or injurious to the public. *See* 10 E. McQuillan, *The Law of Municipal Corpo-*

---

[4] Appellants incorrectly assert that the 1982 franchise agreement was an ultra vires contract. An ultra vires contract, according to its strict and true construction, is a contract which is not within the powers of a municipal corporation to make under any circumstances or for any purpose. 10 E. McQuillan, *The Law of Municipal Corporations,* § 29.10 (3d ed. 1990). Here, Mount Pleasant possessed the authority to grant a franchise; however, it did so in contravention of statute.

*rations*, § 29.26 (3d ed. 1990). When a municipality goes beyond the law, the person who deals with it in so doing does so at his own risk. *Mason v. Williams*, 194 S.C. 290, 9 S.E. (2d) 537 (1940). The order of the trial judge is

Reversed.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.