THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Stevens & Wilkinson of South
 Carolina, Inc., Respondent,
v.
City of Columbia, Appellant.
 
 
 

Appeal From Richland County
 L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2011-UP-519
Heard September 13, 2011  Filed November 29, 2011   

AFFIRMED AS MODIFIED

 
 
 
Michael W.
 Tighe, D. Reece Williams, III, Kathleen M. McDaniel, and Richard C. Detwiler,
 all of Columbia, for Appellant.
Richard A.
 Harpootlian and Graham L. Newman, both of Columbia, for Respondent.
 
 
 

PER CURIAM: Stevens &
 Wilkinson of South Carolina, Inc. alleges it had a contract with the City of
 Columbia to pay Stevens & Wilkinson for architectural services.  The
 circuit court granted partial summary judgment for Stevens & Wilkinson,
 finding it had a contract with the City.  We affirm as modified.
I.  Facts
In April 2003, the City entered
 into a Memorandum of Understanding (MOU) with a team of firms, including
 Stevens & Wilkinson, regarding the development of a hotel in downtown
 Columbia.  The MOU called on the team members and the City to perform various
 tasks that would enable the parties to calculate a guaranteed maximum price for
 construction of the hotel.  
In July 2003, Stevens &
 Wilkinson completed preliminary plans sufficient to determine the guaranteed
 maximum price.  Stevens & Wilkinson offered to continue working on hotel
 plans in order to facilitate an earlier construction start date.  Because this
 proposed work went beyond the scope of services described in the MOU, Stevens
 & Wilkinson asked for assurance that it would receive payment for the
 additional work.  Stevens & Wilkinson submitted a cost estimate of $650,000.00
 for a ninety-day period ending October 13, 2003, and $75,000.00 per week thereafter. 
On July 30, 2003, City Council
 voted on Stevens & Wilkinson's proposal.  The minutes of Council's work
 session state Council voted to approve "$650,000.00 for interim
 architectural design services for a period of ninety days prior to Bond
 Closing."  The minutes say nothing about the proposed additional
 $75,000.00 per week for work performed after October 13.  Stevens &
 Wilkinson continued to work on the plans for the next several months.   
On December 18, 2003, Stevens &
 Wilkinson sent the City an invoice for "professional services for the
 period July 10, 2003 through December 15, 2003."  The invoice listed
 $660,762.20 in fees and $36,322.59 in "expenses to date," for a total
 of $697,084.79.  The City issued a check for the invoiced amount on
 December 22, 2003.  The development team and the City continued working on the
 hotel project and met for regular, weekly meetings through at least February
 25, 2004.  Ultimately, in May 2004, the City chose another team's proposal to
 build the hotel.  
II.  Procedural History
Stevens & Wilkinson sued the
 City for breach of contract, quantum meruit, breach of the duty of good faith
 and fair dealing, and estoppel.  Stevens & Wilkinson later filed a motion
 for partial summary judgment asking the circuit court to find Council's July
 2003 vote created a contract.  The circuit court granted partial summary judgment
 to Stevens & Wilkinson, finding Council's vote was an acceptance of Stevens
 & Wilkinson's offer.  Limiting itself to the question of whether a contract
 existed, the court left open the question of whether the parties later modified
 the contract.  
The City filed a motion under Rule
 59(e), SCRCP, asserting its approval of the $650,000.00 was a counteroffer that
 did not include the $75,000.00 per week term.  The City argued that Stevens
 & Wilkinson accepted its counteroffer by doing the work and that Stevens
 & Wilkinson's acceptance of payment in December "was the end of that
 contract."  The circuit court denied the City's motion, finding the issue
 of whether the City's payment satisfied the contract was outside the scope of
 its previous order, which addressed only the issue of the existence of a
 contract.  
III.  Existence of a Contract
Stevens & Wilkinson contends it
 made an offer to perform $650,000.00 in architectural work, plus $75,000.00 per
 week after October 13, and the City accepted the offer in Council's vote of
 July 30, 2003.  We disagree.  Because the terms of the vote differed from the
 terms of the offer, the vote could not have been an acceptance.  See Weisz
 Graphics Div. of Fred B. Johnson Co., v. Peck Indus., Inc., 304 S.C. 101,
 106, 403 S.E.2d 146, 149 (Ct. App. 1991) ("At common law, no contract is
 formed if the acceptance varies the terms of the offer.  Instead, an acceptance
 which adds different or additional terms is treated as a counteroffer, which
 may be accepted or rejected by the other party." (internal citation
 omitted)); see also Berkeley Elec. Coop., Inc. v. Town of Mount
 Pleasant, 308 S.C. 205, 208, 417 S.E.2d 579, 581 (1992) ("Municipal records properly authenticated or verified
 are the only competent evidence of the proceedings of the transactions of the
 governing body.  Parol evidence cannot be admitted to explain, enlarge, or
 contradict minutes of the proceeding of a town council unless the minutes are
 incomplete or ambiguous." (internal citations omitted)).  Therefore,
 we find the circuit court erred in finding the July 2003 vote constituted an
 acceptance.
Nevertheless, the parties agreed at
 oral argument that a contract was formed for at least $650,000.00.  They
 disagreed as to how the contract was formed and as to its terms.  As a result
 of our finding that the circuit court erred in adopting Stevens &
 Wilkinson's theory that the contract was formed by the City's July 2003 vote, we
 are left with the City's theory that the vote was a counteroffer that Stevens
 & Wilkinson accepted by performance.  We find the contract was formed by a
 counteroffer and subsequently accepted by performance.  We therefore affirm the
 circuit court's ruling that there was a contract between the City and Stevens
 & Wilkinson.  We remand for a jury to determine the terms of the contract
 based on all of the surrounding circumstances, including whether the terms of
 the contract were later modified.  The jury must then determine whether the
 City breached the contract, and, if so, damages.    
The City argues its payment of
 $697,084.79 satisfied its contractual obligations to Stevens & Wilkinson.  The
 circuit court did not rule on this issue, and thus it is not preserved for review.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733
 (1998) (stating issue preservation requires that an issue be raised to and
 ruled upon by the trial court).  The judgment of the circuit court is 
AFFIRMED AS MODIFIED.
FEW, C.J., and THOMAS and
 KONDUROS, JJ., concur.