19240

NOTIOS CORPORATION, Appellant, v.
Samuel E. HANVEY, Respondent
(182 S. E. (2d) 55)

*Augustine T. Smythe, Esq., Buist, Buist, Smythe & Smythe,* of Charleston, *for Appellant,*

*Messrs. Charles H. Gibbs, Thomas A. Hutcheson, Sinkler, Gibbs, Simons & Guerard, P. A.,* of Charleston, *for Respondent,*

June 16, 1971.

BUSSEY, Justice:

We quote the following from the statement in the transcript of the record:

"This action for a declaratory judgment was commenced on April 3, 1970. The Complaint alleges that plaintiff and defendant are owners of adjoining properties, the buildings on which shared a common or party wall; that plaintiff had commenced the demolition of the building on its property; that it had become apparent that the said party wall was in an unsound condition and required some repairs and

strengthening if plaintiff's building was going to be entirely demolished, or else the wall would present a hazard; that plaintiff had offered to permit defendant to enter plaintiff's property in order to effect the necessary repairs, which defendant refused to do; that the completion of the demolition of plaintiff's building without some strengthening of or support to the wall would present a danger not only to defendant but also to the public generally, and inferentially to plaintiff's adjoining property; and that defendant took the position that it was plaintiff's responsibility since the plaintiff was the actor in the premises, to render the wall safe. The Complaint seeks an Order declaring that plaintiff is not responsible for the security of the wall, that the plaintiff has the right to complete the demolition of its building, and that the future security of the said wall is the responsibility of the defendant."

Additional facts gleaned from the complaint are as follows. The lots of the respective parties abut Gillon Street, a relatively narrow one in downtown Charleston. The demolition of plaintiff's building was commenced because of its old, delapidated, uneconomical condition and such demolition has been largely completed, leaving, however, sufficient supporting members remaining to give support to the wall in question. Plaintiff is uncertain as to whether the wall stands entirely on its property or stands partly on the property of both parties, but, *inter alia,* has offered to convey to the defendant the land on which the wall sits.

Because of possible danger to the parties and to the public generally and because of the refusal of the defendant to take any action, plaintiff halted the demolition of its building and sought the aid of the court in resolving the controversy. The defendant demurred to the complaint, asserting that it failed to state a cause of action, because:

"(1) the Complaint fails to allege a justiciable controversy between the parties; (2) there is no concrete issue presented in the form of a definite assertion of legal rights in the Plain-

tiff nor a postive legal duty on the part of the Defendant with respect thereto; and (3) that the Complaint narrates only unilateral action on the part of the Plaintiff which the plaintiff now seeks to utilize as a vehicle to require the Defendant to share expenses in a project initiated solely by the Plaintiff."

The lower court, in a very brief order, sustained the demurrer, holding as follows:

"Although it appears that there is presently a controversy of some substance, it does not appear that a declaratory judgment by this Court would dispose of the present or potential issues of the controversy to an extent sufficient to warrant declaratory relief. Other contingencies would be left unresolved. Therefore, the Demurrer should be, and hereby is, sustained."

The plaintiff appeals from the foregoing order stating and arguing six questions. The defendant-respondent noticed additional sustaining grounds and likewise argued numerous questions. We shall not undertake to discuss each of such questions seriatim, but trust that what we do have to say will sufficiently pass thereupon.

What the plaintiff seeks in this action is a declaration as to the rights and duties of both parties with respect to the party or common wall involved. It asserts, and such is not denied, that while there is persuasive authority from other jurisdictions with respect to these questions, there appears to be no South Carolina case in point. The defendant argues, *inter alia,* that there is no justiciable controversy between the parties and that plaintiff is seeking only advisory opinion. There is clearly no merit in this contention.

"A justiciable controversy is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute or difference of a contingent, hypothetical or abstract character. Borchard, Declaratory Judgment, 40 (2d Ed. 1941)." *Guimarin & Doan, Inc. v. Georgetown Textile and Mfg. Co.,* 249 S. C. 561, 155 S. E. (2d) 618, 621.

We deem it manifest from all the allegations of the complaint that there is nothing contingent, hypothetical or abstract about the dispute between the parties but, to the contrary, there is presently a real and substantial controversy between the parties as to their respective rights and duties in connection with the particular wall, which calls appropriately for judicial determination.

Although the brief order appealed from does not reflect the reasoning of the lower court in any detail, the decision appears to rest at least in large measure on Sec. 10-2007 of the 1962 Code which reads as follows:

"When declaratory judgment may be refused.—The court may refuse to render or enter a declaratory judgment or decree when such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

In any event, we conclude that there was error in sustaining the demurrer for more than one reason.

It is, of course, always possible that after the granting of declaratory relief other contingencies and questions may arise. The declaratory judgment act itself contemplates that further litigation may ensue. From the facts alleged in the complaint, to which we are restricted in considering a demurrer, there is, we think, no reasonable basis for concluding that a declaratory judgment, as to the fundamental rights and duties of the parties, would not terminate the uncertainty or controversy giving rise to the proceeding. Of course, a trial on the merits may disclose matters or facts which do not now appear.

"The complaint is not subject to demurrer for failure to state a cause of action for declaratory judgment if the facts alleged show the existence of a justiciable controversy between the parties. *Foster v. Foster*, 226 S. C. 130, 83 S. E. (2d) 752; *Dantzler v. Callison*, 227 S. C. 317, 88 S. E. (2d) 64; *Plenge v. Russell*, 236 S. C. 473, 115 S. E. (2d) 177; *Hardwick v. Liberty Mutual Insurance Company*,

243 S. C. 162, 133 S. E. (2d) 71." *Bank of Augusta v. Satcher Motor Company,* 249 S. C. 53, 152 S. E. (2d) 676.

In the last cited case of *Hardwick v. Liberty Mutual Insurance Company,* a demurrer to a complaint in a declaratory judgment action was overruled. It was contended that the demurrer should have been sustained, *inter alia,* on the basis of Code Sec. 10-2007, which apparently was the basis of sustaining the demurrer here. This Court rejected such contention and had the following to say:

"Whether or not the trial court enters a declaratory judgment or refuses to do so on the ground that such would not terminate the uncertainty or controversy, pursuant to Section 10-2007, is, of course, a question that would have to be determined upon the evidence and we intimate no opinion thereabout."

Apparently the foregoing holding did not come to the attention of the trial judge and, in fairness to the judge and counsel, it should be mentioned that such holding is not easily found in research. It so far has not been noted by the annotator of the Code and was not given a separate syllabus in the report of the opinion. The particular holding in *Hardwick* is not only in accord with the rationale of other decisions of this Court but in accord with what appears to be the general rule. We quote the following from 26 C. J. S. Declaratory Judgments § 141, p. 334:

"On demurrer, a bill stating a case for declaratory relief is good, and no question of discretion as to whether to grant relief is open. So, the general rule is that where plaintiff's pleading, in an action for a declaratory judgment, sets forth an actual or justiciable controversy, or a *bona fide* justiciable controversy, it is not subject to demurrer, since it sets forth a cause of action."

To the same general effect see 22 Am. Jur. (2d) 955, Declaratory Judgments, Sec. 91.

For the foregoing reasons, the judgment of the lower court is reversed, with leave to the defendant-respondent to answer

the complaint within twenty days of the filing of the remittitur herein.

Reversed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.