## 20245

The STATE, Respondent, v. Lanny Earl BYRD, Appellant.

(226 S. E. (2d) 244)

*Messrs. David W. Goldman,* of Sumter, and *John P. Gardner,* of Darlington, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker* and *Robert N. Wells, Jr., Asst. Attys. Gen.,* of Columbia, and *R. Kirk McLeod, Sol.,* of Sumter, *for Respondent,*

June 17, 1976.

LITTLEJOHN, Justice.

Defendant was arrested after a search of his residence, pursuant to a search warrant. Several plastic bags containing a total of 4⅜ pounds of marijuana were found. He was tried and convicted of possession of marijuana with intent to distribute.

His appeal concerns the following:

1. The refusal of the trial judge to allow testimony on the constitutionality of § 32-1510.49, Code of Laws of South Carolina (1962) *as amended* (Supp. 1975), which gives rise to a rebuttable statutory presumption of intent to sell by reason of possession of more than 28 grams (one ounce) of marijuana.

2. The constitutional validity of Code § 32-1510.49 insofar as it creates the presumption.

3. The admission of evidence seized pursuant to a search warrant alleged to be invalid.

4. The admission into evidence of a syringe and teaspoon, seized during the search of his residence and testimony concerning chemical tests on these items.

In dealing with defendant's first two allegations of error, we must consider them in light of our opinion in *State v. Tabory*, 260 S. C. 355, 196 S. E. (2d) 111 (1973). In that case we stated that the rebuttable presumption was valid absent anything in the record to substantiate the contention of constitutional invalidity. We reasoned that it was incumbent upon those who attack the validity of a statute to overcome the strong presumption that statutes enacted by the legislature are constitutional. In so doing, we recognized the basic test for criminal statutory presumptions set down in *Leary v. United States*, 395 U. S. 6, 89 S. Ct. 1532, 23 L. Ed. (2d) 57 (1969), that the presumed fact must be said with substantial assurance to flow "more likely than not" from the proven fact on which it is based. Lacking any substantiation for the contention that the statute was arbitrary or irrational under this test, we refused to strike down the presumption. We should point out, however, that the decision in *Tabory* did not turn on the validity of the presumption as, in that case, defendant possessed 2,600 pounds of marijuana and we found the presumption to be of such minimal effect that any error based on it would be inoffensive.

In the present case, defendant possessed 4⅗ pounds, having a street value, according to the State, of $1,600.00. At the start of his trial, he moved to introduce the testimony of narcoitcs officers for the purpose of contesting the validity of the statutory presumption. Presumably they would have testified that "it does not follow that one who possesses over twenty-eight grams of marijuana intends to distribute it.[1]" Should such have been allowed, the State, of course, would have been permitted to submit testimony to the contrary. The court refused to allow the testimony, ruling that the question was one of law for the court and that such testimony was not necessary for his decision as to whether the statutory presumption was arbitrary or irrational.

On appeal, defendant asserts that the refusal to allow testimony on this issue precluded him from substantiating his contention that the statutory presumption was arbitrary and irrational and violated his right to be fully heard.

Whether possession of over twenty-eight grams tends to prove more-likely-than-not intent to distribute is a question for the judge's ruling, not for a witness's testimony. Where a legislative act is argued to be unconstitutional because of unreasonableness in its purpose or operation, there may arise incidental questions of fact for the court to consider. Conceivably, there may be cases in which it is proper for the judge to receive a testimony relative to the arbitrariness or irrationality of a statute. This simply is not one of those cases. Involved here is a matter within the specialized competence of the judge. Exactly by what theory or method the court should receive evidence on this question is an inquiry of some difficulty. *See* Wigmore on Evidence § 2555(d) at 522 (1940), and 16 Am. Jur. (2d) Constitutional Law § 171 at 389-90 (1964).

We bear in mind that when a court is called upon to determine the constitutionality of a legislative enactment, it must be careful not to usurp the legisla-

---

[1] Quoted from appellant's brief.

tive function. Here, we think that the legislature, exercising its fact-finding processes, has reached the conclusion that possession of more than twenty-eight grams of marijuana makes a *prima facie* showing of intent to distribute. Evidence need not be taken where the matter is within specialized judicial competence, or where there is involved facts of which courts and lawyers may take cognizance. Any other holding would lead to the utmost confusion in the efforts of courts to review legislative action upon the ascertainment of the existence of facts which may or may not appear to be conclusive. In the *Leary* case, the Supreme Court recognized that in matters not within specialized judicial competence or completely commonplace, significant weight should be accorded the legislative capacity to amass the substance of actual experience and cull conclusions from it.

We, of course, recognize that in some instances extrinsic evidence of facts or information (such as legislative history for example) may be necessary and highly probative of the rationality of the legislature's determination. But in each case, the court, exercising its sound discretion, must assure itself that the evidence sought to be introduced is necessary for a fair evaluation of the legislative declaration. We think the following statement from 16 C. J. S. *Constitutional Law* § 151(3) at p. 764 (1956), succinctly states the correct approach for courts to follow:

"[W]here the existence of a rational basis for legislation . . . depends on facts beyond the sphere of judicial notice, such facts may properly be made the subject of judicial inquiry, but such inquiries, where the legislative judgment is drawn in question, must be restricted to the issue whether any state of facts, either known or which could reasonably be assumed, affords support for it; and where it appears, from the considerations presented to the legislature and those of which the court may take judicial notice,

that the question is debatable, the finding of a court or . . . jury cannot be substituted for the legislative decision."

In the present case, we have little difficulty in upholding the court's exercise of discretion in refusing to hear the testimony of several narcotics officers. Their testimony would not have been conclusive as to the rationality of the legislature's determination. If anything, their testimony would have been one more bit of debatable evidence proper for the legislature, but not necessary for a court, to consider. Therefore, we find no error in the trial court's refusal to allow testimony on the constitutionality of Code § 32-1510.49 and refuse to hold that section unconstitutional.

Defendant's assertion that the case of *Barnes v. United States,* 412 U. S. 837, 93 S. Ct. 2367, 37 L. Ed. (2d) 350 (1973), replaced the "more likely than not" standard with a "reasonable doubt" standard, is completely unfounded. In *Barnes,* the court held that a presumption which satisfied both standards would clearly comport with due process. The Court did not hold that the "more likely than not" test was an insufficient standard and we decline to do so.

Defendant's third and fourth allegations of error merit little discussion.

His contention that the search warrant was invalid, because the affidavit supporting it contained insufficient information on which to base a finding of probable cause, is not borne out by the record. The affidavit of officer T. R. Mims is reproduced in the transcript. It sets forth information as related to him by a confidential informant whom he had known for seven years and from whom he had received proven information of a like nature on numerous occasions in the past. In our opinion, the affidavit was sufficient to warrant a determination of probable cause.

Defendant's last contention, that he was prejudiced by the improper introduction of the syringe and teaspoon into

evidence and the testimony of a chemist concerning tests made on these items, is without merit. We dismiss this exception under Rule 23.

Affirmed.

LEWIS, C. J., and GREGORY, J., concur.

NESS and RHODES, JJ., concur in result.

NESS, Justice (concurring in result):

Appellant desired to prove through the testimony of narcotics officers, presumably experts on drug use habits, that the statute created an unconstitutional presumption. Apparently his effort to introduce testimony was predicated on *State v. Tabory,* 260 S. C. 355, 363, 196 S. E. (2d) 111, 113 (1973) in which this Court refused to consider the identical question because "there is nothing in the record before us to substantiate such contention."

I would affirm the conviction on a more restrictive basis than the majority. The appellant was in possession of four and three-eighths pounds of marijuana. It is now common knowledge that four and three-eighths pounds is a substantial amount of marijuana. I would take judicial notice that the legislature would not be amiss in concluding that it is more likely than not that one who possessed that quantity of marijuana did so with the intent to distribute.

The reason for a stricter judicial analysis of a criminal presumption statute is to insure that any conviction comports with the due process clause which requires "proof beyond a reasonable doubt of every fact necessary to constitute the crime . . ." *In re Winship,* 397 U. S. 358, 364, 90 S. Ct. 1068, 1073, 25 L. Ed. (2d) 368 (1970). Thus, we learn from *Barnes v. United States,* 412 U. S. 837, 93 S. Ct. 2357, 37 L. Ed. (2d) 380 (1973) that a presumption statute is valid "if a statutory inference submitted to the jury as sufficient to support conviction satisfies the reasonable-doubt standard (that is, the evidence necessary to in-

voke the inference is sufficient for a rational juror to find the inferred fact beyond a reasonable doubt) as well as the more-likely-than-not standard . . ." at page 2361-62. Accordingly, I would hold that the appellant was not denied a fair trial by virtue of the statute, even if it were unconstitutional, as to a defendant who possessed a lesser quantity of marijuana.

Appellant occupies a position similar to that of Captain Howard Levy who was court-martialed for violations of the Uniform Code of Military Justice. Captain Levy alleged that the articles relied upon by the government for his conviction were unconstitutionally vague. In affirming the convictions, the Supreme Court held that a defendant who has been forewarned of the criminality of his own conduct is not entitled to attack a vague statute. Levy was not allowed to mount a constitutional attack on behalf of others whose conduct may have been constitutionally protected. *Parker v. Levy,* 417 U. S. 733, 94 S. Ct. 2547, 2562, 41 L. Ed. (2d) 439 (1974).

Similarly, appellant cannot seize upon the unconstitutionality of the statutory presumption. The presumption could clearly be applied to him without violating the Constitution. He has not been the victim of a statute which might result in convictions secured by proof of each element by a standard less than beyond a reasonable doubt. Accordingly, I agree that the conviction should be affirmed.

The majority opinion seems to follow three distinct lines of reasoning. First, the Court is imbued with a "specialized competency" in the area of criminal presumption statutes dealing with narcotics offenses. Second, the Court should apply a generalized judicial notice of the ability of the legislature to consider data relevant to the presumption and cull conclusions from it. Third, the quality of testimony sought to be introduced by the appellant would not be adequate to overcome the presumption of constitutionality.

I have not been annointed with "specialized competency" concerning the habits of marijuana users. Further, I do not think it is a matter of common knowledge that one who possesses more than one ounce of marijuana does so necessarily with the intent to distribute; therefore, a generalized judicial notice is not proper. Finally, while I agree with the majority that it is unlikely that the testimony of a few narcotics officers would overcome the strong presumption of validity of the statute and persuade a court that the statute was unconstitutional, the appellant's counsel attempted to make an offer of proof, but was summarily dismissed by the trial judge. Any doubt as to the persuasiveness of the proposed testimony should be resolved in favor of the appellant.

I do not consider either *Leary v. United States, supra,* or *United States v. Gainey,* 380 U. S. 63, 85 S. Ct. 754, 757, 13 L. Ed. (2d) 658 (1965) supportive of the majority's reliance upon "specialized judicial competence." In both, the Supreme Court recognized that data relative to similar criminal presumptions "plainly is 'not within specialized judicial competence'." *Leary, supra,* 89 S. Ct., p. 1549. A major portion of the *Leary* opinion discusses empirical data concerning the validity of the presumption. Appellant was merely attempting to develop a record to document his argument, as was done in *Leary,* and suggested by this Court as the appropriate procedure in *State v. Tabory, supra* [2]

If I were convinced the presumption statute, as applied to one who possessed four and three-eighths pounds of marijuana, *could be* assailed within the test established by *United States v. Leary, supra,* and *United States v. Barnes, supra,* I would remand so the appellant could be fully heard in accordance with *State v. Tabory, supra.* However, being convinced the appellant was not prejudiced and that the pre-

---

[2] I assume the majority has concluded that the legislative information maintains currency. "A statute based upon a legislative declaration of facts is subject to constitutional attack on the ground that the facts no longer exist; in ruling upon such a challenge a court must, of course, be free to re-examine the factual declaration." *Leary v. United States, supra,* 89 S. Ct., p. 1549, footnote 68.

sumption, as applied to him, satisfied due process requirements, I would affirm on this limited basis.

RHODES, J., concurs.