21689

Robert H. ORR, Jr., Sheriff of Chester County, Individually and as Representative of All Sheriffs of South Carolina, Appellant, v. James E. CLYBURN, Commissioner, South Carolina Commission on Human Affairs, an Agency of the State of South Carolina, Respondents.

(290 S. E. (2d) 804)

*Joseph C. Coleman,* Columbia, *for appellant.*

*James W. Rion* and *Joseph L. Smalls, Jr.,* Columbia, *for respondents.*

April 8, 1982.

HARWELL, Justice:

Appellant initiated this action for declaratory and injunctive relief after respondent notified him that it was processing a charge of discrimination against him. The respondents' demurrer to appellant's complaint was granted on two grounds. that the court had no jurisdiction over the action and that the complaint failed to state a cause of action for declaratory or injunctive relief. We affirm.

On May 21, 1979, Nancy Grant Raines applied to appellant for an appointment as deputy sheriff. Appellant declined to appoint Raines but instead appointed two black males. Thereafter on July 11, 1979, Raines filed with respondent a charge of discrimination against appellant alleging that she had been denied appointment because of her sex and race. (Ms. Raines was female and white). On July 16, 1979, respondent notified appellant of the charge of discrimination. On September 24, 1979, appellant filed his complaint, individually and as representative of all South Carolina sheriffs, asking for a declaration that sheriffs are not subject to the provisions of the South Carolina Human Affairs Law, S. C. Code Ann. § 1-13-10 *et seq.* and for injunctive relief. He alleged that the respondents' investigation could result in an order of respondent commission requiring him to hire Raines and that he had no adequate remedy at law to prevent respondents from acting further upon Raines' complaint and ordering him to hire her as one of his deputies.

We agree with the trial court and adopt its order in substantial part.

We take judicial notice that S. C. Code Ann. §1-13-90(d)(14), alleged by appellant as the source of respondents' power to order him to hire the applicant, is no longer in force. S. C. Code Ann. § 1-13-10 *et seq.* was amended on March 22, 1979. The present provisions of the Human Affairs Law dealing with counties and their subdivisions or departments, S. C. Code Ann. § 1-13-90(d) *et seq.*, do not provide for any order of the respondent compelling appellant to hire a successful charging party. Therefore, ap-

pellant's allegation that he could be irreparably harmed if respondent were to order him to hire Raines is moot. His other allegation of irreparable injury, that respondent was currently engaged in investigating him, is without merit. This investigation cannot result in any direct harm to the appellant other than inconvenience.

The inconvenience of a government investigation does not constitute irreparable injury; it is merely part of the burden of living under government; it is not the kind of impending danger for which declaratory and injunctive relief are intended and is not an appropriate question for judicial determination. *Bradley Lumber Company of Arkansas v. National Labor Relations Board,* 84 F. (2d) 97 (5th Cir. 1936); *Miles Laboratories, Inc. v. Federal Trade Commission, et al.,* 50 F. Supp. 434 (D. C. 1943).

This is the first case decided under the Human Affairs Law as amended. S. C. Code Ann. § 1-13-100, however, specifies that the Human Affairs Law creates no cause of action which would not attach to an employer under Title VII of the Civil Rights Act of 1964, as amended. 42 U. S. C. § 2000e, *et seq.* The South Carolina Human Affairs Law essentially follows the substantive structure of Title VII, and the enforcement agency for Title VII, the Equal Employment Opportunity Commission, is in all relevant and material respects analogous to the respondent commission. Under general rules of statutory construction, a jurisdiction adopting legislation from another jurisdiction imports with it the judicial gloss interpreting that legislation. *Melby v. Anderson,* 64 S. D. 249, 266 N. W. 135 (1936); *Santee Mills v. Query,* 122 S. C. 158, 115 S. E. 202 (1922). Thus, Title VII cases which interpret provisions or procedures essentially identical to those of the Human Affairs Law are certainly persuasive if not controlling in construing the Human Affairs Laws.

Under the Human Affairs Law, as under Title VII, the final step in the respondents' investigation, even if adverse to appellant (a determination that there was reasonable cause to believe that the employer discriminated unlawfully against the applicant) would be lifeless, could fix no obligation, could impose no liability, would have no de-

terminative consequences, and would not be binding on the employer; consequently, when only these investigative non-adjudicatory powers of an agency are utilized, due process considerations do not attach. *Georator Corp. v. E. E. O. C.*, 592 F. (2d) 765 (4th Cir. 1979).

Consistently, S. C. Code Ann. § 1-13-90(d)(4) provides that the procedure following such a determination, the Commissioner's decision whether to bring an action in equity, shall not be subject to judicial review. Only if the Commissioner decides to bring such an action in Common Pleas upon the completion of the instant investigation would any danger of the potential harm alleged by appellant arise, and then only after a full trial on the merits. The issues raised by appellant could be fully asserted as defenses in any such action brought on the applicant's behalf, making declaratory judgment unwarranted as premature even if an actual controversy were alleged. *Board of Governors of Wayne State University v. Perry*, 17 EPD 8530 (E. D. Mich. 1976).

Furthermore, the respondents' investigation of appellant could terminate in a number of ways, thereby rendering moot the preliminary issues raised by him prior to their becoming ripe for adjudication. The Commission's investigatory findings could be that it does not have jurisdiction, an issue for its determination in the first instance, *Bradley Lumber Co., supra*, or that the complaint is without merit, or after 180 days from the filing of the complaint, the applicant could request termination of the respondents' investigation and issuance of a right to sue letter.

To permit such judicial review of the Commission's exercise of preliminary administrative discretion to begin this investigation would afford opportunity for constant delays in the course of administrative proceedings and would render orderly administrative procedure impossible. Moreover, it would bring to the courts an avalanche of preliminary questions many of which would have become moot in the ordinary course of the administrative process. *Miles Laboratories, Inc., supra*.

It is clear that an allegation that the respondents have begun an investigation of a complaint against the appellant does not constitute an allegation of irreparable

injury nor of a justiciable controversy between the appellant and these respondents. Nor does the appellant's position, that the Human Affairs Law's prohibitions against sexual and racial discrimination do not apply to his hiring of deputy sheriffs and his challenge to the government to dispute this position with him in a court of common pleas, create a juticiable controversy. 26 C. J. S. § 26 *Declaratory Judgments* (1956).

Furthermore, the complaint fails to allege that respondents have denied these assertions of appellant or have any interest adverse to appellant. Since the only allegation of any possible interest adverse to appellant concerns the applicant, who is not a party to this action, there is no justiciable controversy alleged. *Power v. McNair*, 255 S. C. 150, 177 S. E. (2d) 551 (1979); *Dantzler v. Callison*, 227 S. C. 317, 88 S. E. (2d) 64 (1955).

Nor will the courts interfere with discretionary powers of a governmental agency to begin an investigation except in cases of fraud or abuse of power, or where unreasonable or capricious. *S. C. E. & G. v. S. C. Public Service Authority*, 215 S. C. 193, 54 S. E. (2d) 777 (1949). The allegations of the complaint are not reasonably susceptible of the inference of fraud or abuse of power, and therefore no cause of action is stated.

The existence of an actual, justiciable controversy is essential to jurisdiction to render a declaratory judgment. A justiciable controversy is a real and substantial controversy which is ripe and appropriate for judicial determination, as distinguished from this dispute of a contingent, hypothetical or abstract character. *Notios Corp. v. Hanvey*, 256 S. C. 275, 182 S. E. (2d) 55 (1979). The Declaratory Judgment Act is not properly invoked for an advisory opinion to be put on ice by the plaintiff for use if the defendants or the applicant reach the occasion which might demand it, nor is the Act a license to fish in this judicial pond for legal advice about the investigation by the commission of the applicant's charge of discrimination. *Columbia v. Sanders*, 231 S. C. 61, 97 S. E. (2d) 210 (1957).

These legal deficiencies of the complaint were clearly specified in the respondents' grounds of demurrer concerning the

complaint's failure to state a cause of action for declaratory or injunctive relief and the resulting lack of jurisdiction over the subject of the action.

We affirm the trial court's grant of respondents' demurrer to the complaint.

Affirmed.

LEWIS, C. J., and LITTLEJOHN and NESS, JJ., concur.

GREGORY, J., not participating.