KONDUROS, J.:
*926 **3 Marion E. Crocker, Jr. appeals a circuit court order granting summary judgment to the South Carolina Department of Health and Environmental Control (the Department) on Crocker's discrimination claim brought under the South Carolina Human Affairs Law (SCHAL).[1] On appeal, Crocker argues the circuit court erred in finding (1) the statute of limitations in section 1-13-90(d)(6)[2] applied to his claim, (2) section 1-13-90(c)[3] did not create a private right of action, and (3) Crocker was not entitled to equitable tolling of the statute of limitations. We affirm.
FACTS
The Department employed Crocker from January 1980 until September 2013. Crocker held three different positions during this time: manager of operational systems, director of Information **4 Technology (IT) operations, and IT project manager. Around September 2012, the Department sought applicants for an Agency Chief Information Officer. Crocker and four other internal employees submitted applications for the position. A three-member panel conducted interviews and recommended the top three applicants to the Department's Director of Administration. Although Crocker's background at the Department exceeded all of the specific job requirements and qualifications for the position, the panel did not select Crocker as one of the top three applicants. However, the panel selected Dakin McPhail, an internal employee who formerly worked under Crocker's supervision, as one of the top three applicants. The Director of Administration ultimately selected McPhail for the position in January 2013. Although McPhail did not meet the minimum qualifications for the position, the Director of Administration stated she chose McPhail because he performed the best in his interview. At the time of the selection, McPhail was forty-five years old while Crocker was fifty-five years old.
Crocker filed a formal grievance with the Department about the selection process, but in March 2013 the Department denied the grievance, finding the nature of the grievance did not fall within the provisions of the State Employee Grievance Procedure Act.[4] On August 7, 2013, Crocker filed a Charge of Discrimination (Charge) based on age with the SCHAC alleging violations of the Age Discrimination in Employment Act (ADEA)[5] and the SCHAL and noting McPhail did not meet the minimum requirements for the position. Two days later, the SCHAC waived deferral of Crocker's Charge and transferred the complaint to the United States Equal Employment Opportunity Commission (EEOC) for processing, ending the SCHAC's involvement in the case.[6] On July 1, 2015, the EEOC issued a determination finding "there is reasonable cause to **5 believe" the Department denied Crocker the promotion based on his *927 age. The EEOC attempted to conciliate the Charge as required by the ADEA and ultimately sent Crocker a "Notice of Conciliation Failure" on February 11, 2016. The EEOC also mailed Crocker a "Notice of Right to Sue" on February 11, 2016, stating, "You may file a lawsuit against [the Department] under federal law based on this [C]harge in federal or state court. Your lawsuit must be filed WITHIN [ninety] days of your receipt of this notice ; or your right to sue based on this [C]harge will be lost."
Crocker filed this lawsuit based on this Charge in state circuit court on March 28, 2016, alleging violations of the SCHAL. The Department answered and filed a motion for summary judgment, contending the applicable state law statute of limitations barred Crocker's claims. At a hearing in October 2016, the Department argued (1) the statute of limitations in section 1-13-90(d)(6) barred Crocker's claims, (2) no private cause of action existed for Crocker under section 1-13-90(c), and (3) Crocker was not entitled to equitable tolling. Crocker responded that the statute of limitations did not apply to his claim because the EEOC handled his claim, not the SCHAC. Crocker also contended a plaintiff could only sue a state agency through the SCHAL under section 1-13-90(c).
On November 21, 2016, the circuit court filed an order granting summary judgment to the Department. In its order, the circuit court found Crocker could not bring a private cause of action under section 1-13-90(c). The circuit court also determined the applicable statute of limitations in section 1-13-90(d)(6) barred Crocker's claims. The circuit court noted Crocker only brought claims under the SCHAL, not federal law. Finally, the circuit court found Crocker failed to make any showing he was entitled to equitable tolling of the statute of limitations. Crocker filed a motion to alter or amend, which the circuit court denied. This appeal followed.
LAW/ANALYSIS
I. Private Right of Action under Section 1-13-90(c)[7]
Crocker argues the circuit court erred in finding a private cause of action did not exist under **6 section 1-13-90(c) of the South Carolina Code (2005 & Supp. 2018) because the legislature intended for the statute to contain an implied cause of action. Specifically, Crocker asserts the language in section 1-13-90(c)(1)[8] evidences an intent by the legislature to create a private cause of action. We disagree.
"The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature." Hodges v. Rainey , 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). "Under the plain meaning rule, it is not the court's place to change the meaning of a clear and unambiguous statute." Id. "Whe[n] the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed[,] and the court has no right to impose another meaning." Id. "[W]hen legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies." Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers , 414 U.S. 453, 458, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974).
Section 1-13-90(c) sets forth the SCHAC's procedure for investigating complaints asserting a violation by a state agency or department. After investigating the complaint, a hearing on the claim may be ordered before a panel of three members of the SCHAC. See § 1-13-90(c)(5), (11). After hearing the evidence from both the complainant and respondent, if the panel finds the respondent engaged in unlawful discriminatory practice, it will issue an opinion and order requiring the respondent to discontinue the practice and requiring other such action as the panel finds will "effectuate the purposes of [the SCHAC]." § 1-13-90(c)(16). Either party can appeal the decision to the Administrative *928 Law Court (ALC) within thirty days after receipt of notice. § 1-13-90(c)(19)(ii). "There is no provision in the [SCHAL] for the filing of independent suits to enforce private rights against state departments, agencies, or subdivisions. The only avenue of judicial redress for state **7 public employees under the [SCHAL], unlike ... the ADEA, is through an agency enforcement action." 5 Emp. Discrimination Coordinator § 45:70 (citation omitted).
The circuit court correctly found section 1-13-90(c) does not provide a private cause of action. Initially, the SCHAC did not follow the procedures outlined in section 1-13-90(c) because the EEOC, not the SCHAC, handled Crocker's complaint after the SCHAC waived deferral. Regardless, even if the SCHAC had handled Crocker's claim, section 1-13-90(c) does not grant Crocker a private cause of action because the language of the statute provides for an administrative investigation and hearing for parties that accuse a state agency of discrimination. See § 1-13-90(c) ; see also Nat'l R.R. Passenger Corp. , 414 U.S. at 458, 94 S.Ct. 690 ("[W]hen legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies."). This section grants the SCHAC the authority to investigate the complaint and order a hearing on the claim. § 1-13-90(c)(5), (11). If the three-member SCHAC panel finds in favor of the complainant, it shall issue an opinion and order requiring the respondent to discontinue the discriminatory practice and requiring any other action the panel finds "will effectuate the purposes of [the SCHAC]." § 1-13-90(c)(16). Finally, at this point, the statute gives both the complainant and respondent the right to appeal the SCHAC panel's decision to the ALC. § 1-13-90(c)(19)(ii). Because the statute expressly outlines an administrative remedy, no private cause of action is available for Crocker under section 1-13-90(c). See Hodges , 341 S.C. at 85, 533 S.E.2d at 581 ("Whe[n] the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed[,] and the court has no right to impose another meaning."); see also Nat'l R.R. Passenger Corp. , 414 U.S. at 458, 94 S.Ct. 690 ("[W]hen legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies."). Therefore, because the circuit court correctly found section 1-13-90(c) did not provide a private cause of action for Crocker, we affirm as to this issue.
**8 II. Statute of Limitations under Section 1-13-90(d)(6)[9]
Crocker argues the circuit court erred in finding section 1-13-90(d)(6) of the South Carolina Code (2005) operated as a statute of limitations on his claim because that statute is inapplicable to his claim. Crocker asserts because his claim falls under section 1-13-90(c), not section 1-13-90(d), the statute of limitations in subsection (d) is inapplicable. Finally, Crocker contends even if the statute of limitations applies to his claim, this court should equitably toll the time limitation. We disagree.
"[The plaintiff] has the obligation to apprise the [circuit] court of the theory of his cause of action and that theory must be adhered to by this [c]ourt on review." Troutman v. Facetglas, Inc. , 281 S.C. 598, 601, 316 S.E.2d 424, 425-26 (Ct. App. 1984).
If a charge filed with the [SCHAC] by a complainant pursuant to this chapter is dismissed by the [SCHAC], or if within [180] days from the filing of the charge the [SCHAC] has not filed an action under this chapter or entered into a conciliation agreement to which the complainant is a party, the complainant may bring an action in equity against the respondent in circuit court. The action must be brought within one year from the date of the violation alleged, or within [120] days from the date the complainant's charge is dismissed, whichever occurs earlier ....
§ 1-13-90(d)(6) ; see Orr v. Clyburn , 277 S.C. 536, 541, 290 S.E.2d 804, 806-07 (1982) (recognizing a private right of action under section 1-13-90(d) of the SCHAL); see also Ferguson v. Waffle House, Inc. , 18 F. Supp. 3d 705, 717 n.6 (D.S.C. 2014) (noting the *929 plaintiff's complaint lists SCHAL as one of the statutes under which he is pursuing his claim); Robinson v. BGM Am., Inc. , 964 F. Supp. 2d 552, 578 (D.S.C. 2013) (stating the plaintiff's complaint includes claims based on SCHAL); Gleaton v. Monumental Life Ins. Co. , 719 F. Supp. 2d 623, 635 (D.S.C. 2010) (acknowledging the plaintiff asserted discrimination claims under SCHAL). The "SCHAL ... ha[s] a different timetable for exhaustion of remedies prior to [the] filing of a lawsuit [than federal law]." Oroujian v. Delfin Grp. USA LLC , 57 F. Supp. 3d 544, 549 n.4 (D.S.C. 2014). **9 "[E]quitable tolling is a doctrine that should be used sparingly and only when the interests of justice compel its use." Hooper v. Ebenezer Senior Servs. & Rehab. Ctr. , 386 S.C. 108, 117, 687 S.E.2d 29, 33 (2009). "The party claiming the statute of limitations should be tolled bears the burden of establishing sufficient facts to justify its use." Id. at 115, 687 S.E.2d at 32. In the employment discrimination context, the Fourth Circuit Court of Appeals has found, "Equitable tolling applies whe[n] the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." English v. Pabst Brewing Co. , 828 F.2d 1047, 1049 (4th Cir. 1987). "To invoke equitable tolling, the plaintiff must therefore show that the defendant attempted to mislead him and that the plaintiff reasonably relied on the misrepresentation by neglecting to file a timely charge." Id.
The circuit court correctly found the statute of limitations in section 1-13-90(d)(6) barred Crocker's claim. Here, Crocker satisfied all of the prerequisites to bring his claim under federal law in federal court by timely filing his employment discrimination charge with the EEOC and receiving the EEOC's notice of the right to sue. See McDonnell Douglas Corp. v. Green , 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (finding a plaintiff satisfied the prerequisites to bring a federal action by filing a timely employment discrimination charge with the EEOC and acting on the notice of a right to sue from the EEOC). However, Crocker brought his claim in state circuit court under the SCHAL.[10] Even though the SCHAC did not handle Crocker's claim, the SCHAL applies in this case because Crocker chose to bring his claim in state court arguing a state law theory.[11] See **10 Troutman , 281 S.C. at 601, 316 S.E.2d at 425-26 ("[The plaintiff] has the obligation to apprise the [circuit] court of the theory of his cause of action and that theory must be adhered to by this [c]ourt on review."). Crocker cites to multiple SCHAL code sections in his complaint, including section 1-13-90(c). However, as explained above, only section 1-13-90(d) could have provided Crocker with a private cause of action under the SCHAL. See Orr , 277 S.C. at 541, 290 S.E.2d at 806-07 (recognizing a private right of action under section 1-13-90(d) of the SCHAL). Because the SCHAL-specifically section 1-13-90(d) -applies to this case, the statute of limitations in section 1-13-90(d)(6) operated to bar Crocker's claim because he failed to bring his action within a year of the alleged violation. § 1-13-90(d)(6) ("The action must be brought within one year from the date of the violation alleged, or within [120] days from the date the complainant's charge is dismissed, whichever occurs earlier ...."); see also Oroujian , 57 F. Supp. 3d at 549 n.4 ("[The] SCHAL ... ha[s] a different timetable for exhaustion of remedies prior to [the] filing of a lawsuit [than federal law]."). The alleged violation occurred in January 2013, but Crocker did not file this action in the circuit court until March 2016; therefore, section 1-13-90(d)(6) bars this action under the SCHAL. *930 Crocker contends even if the statute of limitations applied to his claim, this court should equitably toll the time limitation. We find the circuit court correctly refused to apply equitable tolling to Crocker's claim. In this case, Crocker did not allege the Department participated in any deceptive or bad faith attempts to conceal the existence of his cause of action. Crocker claimed the administrative proceedings and notices by the EEOC were sufficient to justify equitably tolling the statute of limitations. Therefore, Crocker did not meet his burden of establishing sufficient facts to justify the use of equitable tolling.[12] See **11 Brown v. Lexington Cty. Health Servs. Dist., Inc. , C/A No. 3:12-2674-MBS, 2013 WL 5467626, at *7 (D.S.C. Sept. 27, 2013) (finding South Carolina's doctrine of equitable tolling does not rescue a plaintiff when he waits until after the EEOC issues a right-to-sue letter to file a state law claim); see also Hooper , 386 S.C. at 117, 687 S.E.2d at 33 ("[E]quitable tolling is a doctrine that should be used sparingly and only when the interests of justice compel its use."); English , 828 F.2d at 1049 ("To invoke equitable tolling, the plaintiff must therefore show that the defendant attempted to mislead him and that the plaintiff reasonably relied on the misrepresentation by neglecting to file a timely charge."). Because the statute of limitations in section 1-13-90(d)(6) applied and barred this action and the doctrine of equitable tolling does not apply, we affirm this issue.
CONCLUSION
Accordingly, the circuit court's grant of summary judgment is
AFFIRMED.
HUFF and THOMAS, JJ., concur.

S.C. Code Ann. §§ 1-13-10 to -110 (2005 & Supp. 2018) (creating a state agency-the South Carolina Human Affairs Commission (SCHAC)-and procedures for the agency to follow "to eliminate and prevent discrimination because of race, religion, color, sex, age, national origin, or disability").

Section 1-13-90(d)(6) states an action under this chapter "must be brought within one year from the date of the violation alleged, or within one hundred twenty days from the date the complainant's charge is dismissed, whichever occurs earlier."

Section 1-13-90(c) sets forth the procedure for the SCHAC to follow when investigating complaints asserting a violation by a state agency or department.

S.C. Code Ann. §§ 8-17-310 to -380 (2019 & Supp. 2018).

29 U.S.C. §§ 621 -634 (2012 & Supp. 2017).

The SCHAC transfers all discrimination complaints not filed within 180 days of the alleged violation to the EEOC for processing. See § 1-13-90(a) ("Any person shall complain in writing under oath or affirmation to the [SCHAC] within [180] days after the alleged discriminatory practice occurred.").

We address Crocker's second issue first.

S.C. Code Ann. § 1-13-90(c)(1) ("Information gathered during an investigation under this subsection shall not be made public by the [SCHAC], its officers[,] or employees, except for information made public as a result of being offered or received into evidence in an action brought under this subsection.").

Because Crocker's first and third issues are related, we address those together.

Crocker cites Kimel v. Florida Board of Regents , 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000), in his brief. In that case, the Supreme Court of the United States held states possess sovereign immunity from any employment discrimination lawsuit brought by an individual under the ADEA. Id. This immunity would have caused a federal court to dismiss Crocker's suit against the Department if he brought the claim under the ADEA, which likely led to his decision to bring his claim in state court under the SCHAL, only to have it regrettably dismissed as untimely under section 1-13-90(d)(6).

Crocker argues he filed his lawsuit within the ninety-day window provided in his Notice of Right to Sue from the EEOC. However, the Notice of Right to Sue expressly states it only applies to lawsuits brought under federal law, and Crocker brought his action under state law.

If Crocker had filed his Charge with the SCHAC within 180 days of the alleged violation, he would have had an opportunity to pursue a remedy through state law because the SCHAC, not the EEOC, would have investigated his claim under the procedures for discrimination allegations against state agencies in section 1-13-90(c) of the SCHAL.