**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Adriel Nicholas Garnett, Appellant.

Appellate Case No. 2019-000722

———————

Appeal From Spartanburg County
J. Mark Hayes, II, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-009
Submitted November 1, 2021 – Filed January 12, 2022

———————

**AFFIRMED**

———————

Tommy Arthur Thomas, of Irmo, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffrey Young, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, Senior Assistant Attorney General J. Anthony Mabry, all of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

———————

**PER CURIAM:**  Adriel Garnett appeals his convictions and sentences for murder and possession of a weapon during the commission of a violent crime, arguing the trial court erred by (1) denying his pretrial motion for immunity from prosecution under the Protection of Persons and Property Act[1] (the Act) and (2) denying his mid-trial motion for a directed verdict.  We affirm.

1. We hold the trial court did not abuse its discretion by finding Garnett was not entitled to immunity from prosecution under the Act.  *See State v. Marshall*, 428 S.C. 11, 17-18, 832 S.E.2d 618, 621 (Ct. App. 2019) ("Appellate courts review an immunity determination for abuse of discretion."); *id.* at 18, 832 S.E.2d at 621-22 ("A circuit court abuses its discretion when its ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support.").  At the immunity hearing, Dr. David Wren testified that the victim's autopsy revealed he was shot five times in the back and three times in the side.  Additionally, the State presented evidence that after the shooting, Garnett fled the scene and evaded law enforcement for several months.  This evidence undermines Garnett's claim that he shot the victim in self-defense because it calls into question whether Garnett actually was or reasonably believed he was in imminent danger of losing his life or sustaining serious bodily injury when he shot the victim.  *See* S.C. Code Ann. § 16-11-440(C) (2015) ("A person who is not engaged in an unlawful activity and who is attacked in [a] place where he has a right to be . . . has the right to . . . meet force with force . . . if he reasonably believes it is necessary to prevent death or great bodily injury . . . ."); *Marshall*, 428 S.C. at 18, 832 S.E.2d at 622 ("To warrant immunity under the Act, . . . the accused must demonstrate the elements of self-defense, save the duty to retreat, to the satisfaction of the circuit court by a preponderance of the evidence."); *State v. Curry*, 406 S.C. 364, 371 n.4, 752 S.E.2d 263, 266 n.4 (2013) (providing the second and third elements of self-defense require a defendant to show he actually was or reasonably believed he was in imminent danger of losing his life or sustaining serious bodily injury).  Thus, we find this evidence supports the trial court's finding that Garnett failed to show by a preponderance of the evidence that he acted in self-defense.  *See State v. Mitchell*, 382 S.C. 1, 4, 675 S.E.2d 435, 437 (2009) (stating that under the abuse of discretion standard of review, an appellate court "does not re-evaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the trial court's ruling is supported by any evidence").

2. We hold Garnett waived his right to appellate review of the denial of his mid-trial motion for a directed verdict because his trial testimony supplemented the

---

[1] S.C. Code Ann. §§ 16-11-410 to -450 (2015).

State's case as the only direct evidence identifying Garnett as the shooter. *See State v. Phillips*, 416 S.C. 184, 192 n.7, 785 S.E.2d 448, 452 n.7 (2016) ("Under the waiver rule, a defendant who presents evidence in his own defense waives the right to have the court review the denial of directed verdict based solely on the evidence presented in the State's case-in-chief." (quoting *State v. Hepburn*, 406 S.C. 416, 431, 753 S.E.2d 402, 410 (2013))); *State v. Harry*, 321 S.C. 273, 277, 468 S.E.2d 76, 79 (Ct. App. 1996) ("[W]hen the defendant presents testimony, he loses the right to have the court review the sufficiency of the evidence based on the [S]tate's evidence alone."); *Hepburn*, 406 S.C. at 436-37, 753 S.E.2d at 413 (providing that the waiver rule applies only if the defendant's evidence "serve[s] to fill gaps in the [S]tate's evidence").

**AFFIRMED.**[2]

**WILLIAMS, A.C.J., and MCDONALD, J., and LOCKEMY, A.J., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.