**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Driscoll Riggins, Jr., Appellant.

Appellate Case No. 2023-000868

———————

Appeal From Horry County
H. Steven DeBerry, IV, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-216
Heard May 13, 2025 – Filed July 2, 2025

———————

**AFFIRMED**

———————

Appellate Defender Gary Howard Johnson, II, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Andrew Douglas Powell, both of Columbia, for Respondent.

———————

**PER CURIAM:** Driscoll Riggins, Jr. appeals the circuit court's denial of his request for immunity under the Protection of Persons and Properties Act (the Act).[1] Riggins argues the circuit court erred in (1) ruling he was at fault in bringing on the confrontation with the victim by imposing a duty to retreat, (2) denying immunity under the Act based on its finding that he reasonably feared for his life due to the victim's actions, and (3) admitting the written statement of a witness who could not recall the events of the statement or providing the statement to law enforcement. We affirm.

1. We hold the circuit court did not abuse its discretion in denying Riggins's immunity request because evidence supported its finding that Riggins was at fault in bringing on the difficulty. *See State v. Gray*, 438 S.C. 130, 141, 882 S.E.2d 469, 475 (Ct. App. 2022) ("A claim of immunity under the Act requires a pretrial determination using a preponderance of the evidence standard, which [appellate] court[s] review[s] under an abuse of discretion standard of review." (alterations in original) (quoting *State v. Jones*, 416 S.C. 283, 290, 786 S.E.2d 132, 136 (2016))); *State v. Marshall*, 428 S.C. 11, 18, 832 S.E.2d 618, 621-22 (Ct. App. 2019) ("A circuit court abuses its discretion when its ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."); S.C. Code Ann. § 16-11-440(C) (2015) ("A person who is not engaged in an unlawful activity and who is attacked in another place where he has a right to be . . . has no duty to retreat and has the right to stand his ground and meet force with force . . . if he reasonably believes it is necessary to prevent death or great bodily injury to himself . . ."); *State v. McCarty*, 437 S.C. 355, 368, 878 S.E.2d 902, 909 (2022) (holding that to establish immunity under the Act, "a defendant must show, by a preponderance of the evidence, that he has a valid claim of self-defense," and in deciding whether to grant immunity, the circuit court must "consider all of the elements of self-defense—except the duty to retreat"); *id.* at 369, 878 S.E.2d at 909 (holding the first element of self-defense requires that the defendant must be "without fault in bringing on the difficulty" (quoting *State v. Curry*, 406 S.C. 364, 371 n.4, 752 S.E.2d 263, 266 n.4 (2013))). The video evidence admitted showed Riggins leaving Captain Archie's restaurant and walking towards the victim one minute after the victim left the restaurant. Additionally, the victim's girlfriend and friend testified the victim did not say anything to Riggins when he approached them in the parking lot. We hold that the circuit court's statement that Riggins "didn't have to leave the establishment at that point in time" did not indicate the circuit court thought Riggins had a duty to retreat, but that it found Riggins was not without fault in bringing on the difficulty because he followed the victim into the

[1] S.C. Code Ann. §§ 16-11-410 to -450 (2015).

parking lot when he could have stayed in the restaurant while the victim left the parking lot. *See McCarty*, 437 S.C. at 368, 878 S.E.2d at 909 (holding that to establish immunity under the Act "a defendant must show, by a preponderance of the evidence, that he has a valid claim of self-defense" and that, when deciding to grant immunity, the circuit court must "consider all of the elements of self-defense—except the duty to retreat"). Because the circuit court found Riggins failed to establish this element of self-defense, we hold it did not abuse its discretion in denying his request for immunity under the Act. *See Gray*, 438 S.C. at 141, 882 S.E.2d at 475 (stating the appellate court reviews a circuit court's immunity determination under an abuse of discretion standard of review); *Marshall*, 428 S.C. at 18, 832 S.E.2d at 621-22 ("A circuit court abuses its discretion when its ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support.").

2. We hold that Riggins failed to preserve his argument regarding the witness's written statement for appellate review because Riggins did not specify that he objected to the admission of the statement as hearsay. *See State v. Jennings*, 394 S.C. 473, 481, 716 S.E.2d 91, 95 (2011) ("For an issue to be properly preserved it has to be raised to and ruled on by the trial court."); *State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011) ("For an objection to be preserved for appellate review, the objection must be made . . . with sufficient specificity to inform the circuit court judge of the point being urged by the objector." (citation omitted)). Riggins objected to the admission because the witness "did not remember what she wrote" and "did not remember [the statement's] truthfulness." He also argued the written statement was not corroborated and could have been coerced. Riggins's arguments do not relate to whether the statement was hearsay or to why the statement did not qualify as a recorded recollection to satisfy the hearsay exception. Therefore, we hold this issue is not preserved for appellate review.

**AFFIRMED.**

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**